UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| BARBARA PERKINS, | CIVIL ACTION NO. 5:15-cv-109-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| **Defendant.** | |

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 11 & 12). The Plaintiff, Barbara Perkins, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying her claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Barbara Perkins ("Claimant") filed her claims for SSI and DIB on January 10, 2012, alleging an onset date of September 15, 2010. [TR 9]. The agency denied her application initially and upon reconsideration. [TR 183–86, 191]. Claimant requested review by an ALJ, and a hearing was held on October 1, 2013. [TR 31–59]. Claimant's motion to amend her onset date to January 13, 2012, was granted at the hearing. [TR 34–35.] The ALJ subsequently issued an unfavorable decision on November 22, 2013. [TR 6–30].

At the time the ALJ's decision was rendered, Claimant was 47 years old. [TR 64]. Claimant completed her GED and has past relevant work as a biscuit maker, cashier, cleaner, deputy jailer, and substitute bus monitor. [TR 276]. She alleges disability due to MRSA, Schumann's disease, slipped disc in her back, problems with her left hip, seizures, hearing problems, a blood disorder,

left arm problems, obesity, asthma, anxiety, depression, and possible encephalopathy. [TR 191, 1232]. Claimant's insured status expires on June 30, 2015. [TR 11].

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since her alleged onset date of January 13, 2012. [TR 11]. Second, the ALJ found that Claimant suffers from the following severe impairments: lower back pain; left upper extremity impairment; obesity; depression; anxiety; and somatoform disorder. [TR 12]. Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 12].

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform sedentary work, with the following limitations: lift/carry 10 pounds occasionally and less than 10 pounds frequently; stand/walk up to 2 hours and sit up to 6 hours during an 8 hour work day, with the ability to alternate sitting and standing every 30 minutes; no more than frequent pushing, pulling, and gross handling with the non-dominant upper extremity; no more than frequently balance, stoop, kneel, crouch, and crawl; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; avoid concentrated exposure to cold temperature extremes, humidity,

vibration, pulmonary irritants, and hazards such as dangerous machinery and unprotected heights; and limited to occupations requiring no more than the ability to understand, remember, and perform simple and some detailed tasks. [TR 15]. The RFC also noted that Claimant was able to interact socially in the workplace environment for completion of workplace tasks and adapt to infrequent changes in the workplace. [TR 15.]

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could perform any of her previous occupations. [TR 52–54]. The VE testified that this hypothetical individual could not perform any past relevant work. [TR 54]. Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE opined that this hypothetical individual could perform a number of unskilled and sedentary jobs, including clerical worker, charter, cutter/paster, and order clerk. [TR 54]. Therefore, the ALJ found Claimant not disabled. [TR 23–24].

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on February 20, 2015. [TR 1–3]. Claimant has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.

*See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents the following issues for review: (1) whether the ALJ should have ordered a consultative examination; (2) whether the RFC determination is supported by substantial evidence; and, thus, whether the Commissioner's burden at step five was satisfied by the VE's testimony; and (3) whether the ALJ erred by giving greater weight to a non-examining medical source than a consultative examiner. (DE 11-1 at 8–14.)

*1. The ALJ was not required to order a consultative examination.*

Claimant argues that the ALJ did not properly consider the impact of encephalopathy in determining her mental RFC. (DE 11-1 at 9.) Claimant represents that the encephalopathy diagnosis went virtually unaddressed by the ALJ, and that the consistency between Claimant's symptoms and this diagnosis necessitated a consultative examination to fully analyze the effects of the disease. (DE 11-1 at 9–10.) Claimant's arguments are without merit.

ALJ's have discretion to order a consultative examination when the existing medical evidence is insufficient to make a disability determination. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). However, the regulations "do not require an ALJ

to refer a claimant to a consultative specialist[.]" *Id.* The burden of providing a complete case record sufficient to prove disability rests with the Claimant. 20 C.F.R. §§ 416.912, 416.913(d).

Here, the record was sufficiently developed for a proper disability determination. In fact, Claimant underwent a psychological consultative examination in March 2012, shortly after her February 2012 encephalopathy diagnosis. [TR 1145–48]. The examiner, H. Abramson Brietstein, Ph.D., found no evidence of a thought disorder, but did find intact concentration, speech, memory, and judgment. [TR 1146]. The results of a consultative mental examination only a month after Claimant's diagnosis provided the ALJ with ample evidence to evaluate the limitations, if any, caused by encephalopathy.

*2. The RFC determination is supported by substantial evidence and the VE testimony satisfied the Commissioner's burden at step five.*

In January 2012, the Claimant had a vein removed from her left arm after it became infected. [TR 1214]. Claimant contends that the ALJ did not properly account for the limitations resulting from her left arm injury when determining her RFC. (DE 11-1 at 10.) Claimant suggests that the VE testimony at step 5 could not have satisfied the Commissioner's burden to show available employment opportunities because the testimony was offered in response to a hypothetical based upon an improper RFC.

In developing Claimant's RFC, the ALJ relied heavily upon consultative examiner Dr. Eva Misra's findings. [TR 21]. Three months after Claimant's vein excision, Dr. Misra examined Claimant and found some decreased motion in the left elbow and decreased left hand grip strength. [TR 1324–25.] The upper-left extremity limitations incorporated into Claimant's RFC are substantially supported by Dr. Misra's findings, and the ALJ's reliance upon those findings is not disputed. Thus, the ALJ's RFC determination was proper.

6

Once an ALJ reaches the fifth step in the five-step process, the burden shifts to the Commissioner to prove that the claimant can perform other work and that the alternate jobs exist in significant numbers in the economy. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The Commissioner may rely upon a VE's answers to hypothetical questions to satisfy this burden, but the hypothetical questions must "accurately describe[] the plaintiff in all significant, relevant respects." *Id.* The ALJ—through examination of the record and the plaintiff's credibility— conclusively determines the significant, relevant traits. *Id.* Claimant's challenge directed to the VE testimony is unavailing because, as noted above, the upper extremity limitations included in the hypothetical were based on a valid RFC.

*3. The ALJ did not err by according greater weight to a non-examining source than a consultative examiner.*

Claimant's final dispute concerns the weight the ALJ afforded the various physician opinions regarding her mental impairments. (DE 11-1 at 12–15.) Section 404.1527 outlines the requirements for evaluating medical opinion evidence. Subsection C notes that the ALJ will evaluate every medical opinion and prescribes guidelines for determining the amount of weight any opinion should receive. 20 C.F.R. § 404.1527(c). Factors relevant to the weight of an opinion include: (1) whether the physician examined the claimant ("examining physician"); (2) whether the physician regularly treats the claimant and has an ongoing treatment relationship ("treating physician"); (3) whether medical evidence supports the physician's opinion ("supportability"); (4) whether the physician has provided consistent opinions concerning a claimant's alleged disabilities ("consistency"); (5) whether the physician is a specialist in the field related to the claimant's alleged disabilities ("specialization"); and (6) other factors evident in the medical records ("other factors"). *Id.* Importantly, the ALJ must evaluate the

7

record as a whole in connection with "other sources" including testimonial and anecdotal evidence. *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 397–98 (6th Cir. 2014) (citing 20 C.F.R. § 404.1513). Finally, physician opinions on issues reserved to the ALJ, such as an individual's RFC, are never given controlling weight. *See* SSR 96-5p.

Claimant contends that the ALJ erred by giving slight weight to consultative examiner Dr. Brietstein's findings, and by favoring the findings of a non-examining source, Dr. Dubois. (DE 11-1 at 12.) Claimant's reliance on *Gayheart v. Comm'r of Social Sec.* is misplaced because that case involved a treating physician. *See Gayheart*, 710 F.3d 365, 376. Dr. Brietstien's opinion could not be given controlling weight as an examining physician. The ALJ detailed Dr. Brietstien's findings and found they deserved only slight weight due to their internal inconsistency and lack of support in the record as a whole. [TR 21–22]. This determination tracks the "supportability" and "consistency" factors identified in 20 C.F.R. § 404.1527(c).

Dr. Brietstien's consultative examination revealed only a depressed mood and a limited fund of knowledge. [TR 1146]. Nonetheless, Dr. Brietstien opined that Claimant would be markedly impaired in most work-related mental functions. [TR 1145–47]. The ALJ followed the regulations Claimant cites as appropriate for evaluating opinion evidence, and the ultimate decision to assign little weight to Dr. Brietstien's opinion is supported by substantial evidence.

Claimant's challenge to the ALJ's reliance on Dr. Dubois' opinion is based entirely on its status as a non-examining physician opinion and its disparity with Dr. Brietstien's examining physician opinion. As discussed above, substantial evidence supports discounting Dr. Brietstien's opinion and, thus, inconsistency with that opinion provides no basis to question the ALJ's reliance on Dr. Dubois' opinion. The ALJ did not err by giving significant weight to Dr. Dubois' opinion.

**V. CONCLUSION**

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.  Plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2.  The Commissioner's motion for summary judgment (DE 12) is **GRANTED**;

3.  The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4.  A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated July 7, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY